IN THE SUPERIOR COURT

**FILED**
November 16, 2020
SX-2015-CV-00018
TAMARA CHARLES
CLERK OF THE COURT

**SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

SHOWAYNE SIDNEY MODESTE,

PLAINTIFF,

v.

DIVI CARINA BAY CASINO,

DEFENDANT.

SX-15-CV-00018

ACTION FOR DAMAGES

CITED AS: 2020 VI SUPER 93 U

**Appearances:**

**Showayne Sidney Modeste**
*Pro Se Plaintiff*

**Ryan C. Meade, Esq.**
Quintairos, Prieto, Wood & Boyer, P.A.
9300 South Dadeland Blvd., 4th Floor
Miami, Florida 33156
*For Defendant*

## MEMORANDUM OPINION & ORDER

**WILLOCKS, Presiding Judge**

¶1 **THIS MATTER** is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint filed by the Court on June 29, 2015 but signed by Defendant on June 11, 2015.

The Complaint was filed on January 28, 2015. An Order was signed by the Court on May 2, 2015 granting Plaintiff's *Forma Pauperis* Motion. An Opposition to Defendant's Motion to Dismiss was filed on June 22, 2015. Defendant filed a Reply in Support of its Motion to Dismiss on July 14, 2015. On August 24, 2015, an Opposition to Defendant's Reply was Received was filed by Plaintiff. A Motion to Strike was filed by Defendant on October 13, 2015. A Request for Oral Argument was made on February 17, 2016 by Defendant.

## I.    Background

¶2    The Complaint alleged that on May 24 through May 25 of 2012 Plaintiff was playing at the

Divi Carina Bay Casino. (Pl.'s Complaint). Plaintiff alleges that she placed a bet, and an employee

pulled the completed rolled dice. (Pl.'s Complaint). Plaintiff seeks damages in the amount of $10,000

plus costs and attorney's fees. (Pl.'s Complaint). Defendant, alleges that under the "Divi Carina Bay

Resort and Casino Beachcomber's Gold Club Membership Agreement" (hereinafter "Membership

Agreement") guests and facility users, including, without limitation, Beachcomber's Gold Club

members, are subject to the Agreement to Arbitrate. (Defendant's Motion to Dismiss Ex. A). The

Defendant contends that arbitration should govern when and how disputes are resolved.

The Arbitration Agreement states, in relevant part:

**Important Notice and Limitations:** If you or we elect to arbitrate a claim, you and we will not
have the right to pursue that claim in court or have a jury decide the claim. Also, your ability to obtain
information from us and to appeal is more limited in an arbitration than in a lawsuit. Other rights that
you would have if you went to Court may also not be available in arbitration. The fees charged by the
administrator may be higher than the fees charged by a Court.
    (*See* Ex. A p. 2).

## II.    Motion to Strike

¶3    Defendant contends that the Local Rules of Procedure only permit the filing of a motion, a

response in opposition, and a reply. Defendant contends that Plaintiff's sur-reply was filed seventy-

seven (77) days after Defendant's reply. For a Motion to Strike, "the Court may strike from a pleading

an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[1] The facts do

not rise to the standard that would warrant a Strike off the record and the Court finds Defendant's

argument moot. The Local Rule that Defendant contends would warrant a Strike was repealed in 2019.[2]

Thus, the Court will deny Defendant's Motion to Strike.

---

[1] *See* V.I. Civ. P. R.12 (f).
[2] *See* V.I. Super. Ct. Rule 7 [Repealed Feb. 15. 2019 by S. Ct. Prom. No. 2019-003].

### III.    Standard of Law

**¶4**    Like this Court's decision in *Williams v. Groundwater & Environmental Services, Inc.,* Defendant's Motion will be granted, however, rather than ordering the discretionary dismissal of the case as sought by Motion, because the terms of the Agreement require that arbitration take place pursuant to the Federal Arbitration Act (hereinafter "FAA") the Court will order these proceedings stayed pending arbitration pursuant to section 3 of the FAA.[3]

### IV.    Discussion

**¶5**    The Defendant contends that Plaintiff agreed to arbitrate when executing the Membership Agreement, and as such, this matter should be dismissed and subject to arbitration. Plaintiff contends that the Agreement is unconscionable and therefore unenforceable. Since this case was filed in 2015, the law has changed regarding the FAA.[4]

#### a.    Arbitration Agreements—Enforceable as a Matter of Law

**¶6**    First, it is well established that arbitration agreements are enforceable as a matter of Virgin Islands law. *See Gov't of the V.I. v. United Indus., Svc. Transp., Prof. & Gov't Workers of N.A.,* 64 V.I. 312, 330 (V.I. 2016). The law will ensure that "private agreements to arbitrate are enforced according to their terms." *Id.* In addressing Plaintiff's argument that the agreement was unconscionable, if a party wants to challenge the unconscionability of a contract they must also demonstrate that the contract contains 'terms unreasonably favorable to the stronger party.'[5] The Plaintiff's argument is unpersuasive that terms unreasonably favor Defendant, therefore, the Court

---

[3] *Williams v. Groundwater & Environmental Services Inc.,* 72 V.I. 331 (Super. Ct. 2020). *See also* Ex. A "Governing Law" that states the governing law is by the Federal Arbitration Act.

[4] A party seeking to compel arbitration must not only show that an agreement to arbitrate exists, but also show that the contract evidences an interstate nexus. *Allen v. Hovensa, LLC,* 59 V.I. 430 (V.I. 2013).

[5] *Williams v. Groundwater & Environmental Services Inc.,* 72 V.I. 331 (Super. Ct. 2020) (citing *Allen v. Hovensa, LLC* 59 V.I. 430, 444 (V.I. 2013)) (quoting *Nino v. Jewelry Exchange, Inc.,* 609 F.3d 191, 201, 53 V.I. 901 (3d Cir. 2010)).

cannot hold in favor of Plaintiff on their unconscionability argument.[6] The language consistently uses the term "you or we" in regard to arbitration and this overcomes Plaintiff's argument that the agreement was one-sided. Thus, the Court finds the Plaintiff's argument unpersuasive. (*See* Ex. A Section: "Starting an Arbitration" and "Important Notice and Limitations").

### b. Federal Arbitration Act ("FAA")

¶7     This Court has held that to the extent that the issue may have been previously unsettled, the Supreme Court has clarified that the FAA applies to the Virgin Islands where the party seeking to invoke an arbitration agreement establishes an interstate nexus. *Williams v. Groundwater & Environmental Services, Inc.*, 72 V.I. 331 (Super. Ct. 2020) (citing *Whyte v. Bockino*, 69 V.I. 749, 760-761)). The burden of proof is relatively low. *Id.* Indeed, "for an interstate nexus to exist, the parties' agreement need not be in interstate commerce nor have a substantial effect on interstate commerce; in other words, the FAA commands the 'full reach' of Congress's commerce power." *Id.* at 761. A contract is deemed to affect interstate commerce "where the economic activities of at least one of the parties demonstrates a nexus to interstate commerce." *Id.*

¶8     Here, the Court finds that instead of having the parties brief on the interstate commerce issue, the Court will not waste more time or judicial resources and rule on this clear issue now.[7] The Membership Agreement between the parties evidences an interstate commerce because the Divi Carina Bay Resort and Casino Resort accommodates guests from all over in country as a tourism attraction in the Virgin Islands. This is clearly an agreement involving interstate commerce because patrons from

---

[6] *Id.* "It is well established that "the mere fact that a contract is adhesive does not—without more—render it unconscionable." *See Allen v. Hovensa, LLC* 59 V.I. 430, 440 (V.I. 2013) (citing *AT&T Mobility LLC v. Conception*, 563 U.S. 333, 131 S. Ct. 1740, 1749-50, 179 L. Ed. 2s 742 (2011)).

[7] See *Hendricks v. Pinnacle Services, LLC*, 72 V.I. 630 (holding if the Defendants were to submit briefs regarding the interstate nature of the business the Plaintiff was protecting, it would only confirm what the Court has already determined: that an oil refinery is necessarily engaged in interstate commerce and that the guarding of such facility affects interstate commerce by protecting the business even if the employment agreement does not specifically state so).

the U.S. mainland and outside the territory engage in the Divi Carina Bay Resort and Casino as an attraction. Thus, the Court finds that the Agreement's mandatory arbitration provision is enforceable.

### c. Stay of Proceeding

¶9      Since the parties specifically bargained for and agreed to the applicability of the FAA, the parties agreed that the trial court presiding over the suit "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."[8] Accordingly, enforcing the terms of the parties' Agreement requires that stay of further proceedings rather than dismissal of this matter.[9]

### d. Request for Oral Argument

¶10     At this time, the Court will deny the request for oral argument on this matter and the dispute should be resolved in arbitration.

¶11     Accordingly, it is hereby:

**ORDERED** that Defendant's Motion to Strike is **DENIED**, it is further

**ORDERED** this matter is stayed pending the resolution in arbitration, it is further

**ORDERED** that the Parties must complete arbitration within **sixty (60) days** from the entry of this Order, it is further

**ORDERED** that a copy of this Order by distributed to all parties and counsels on record.

**DONE and so ORDERED this** ___16th___ **day of November, 2020**

---

[8] *See Williams v. Groundwater & Environmental Services, Inc.*, 72 V.I. 331 (Super. Ct. 2020) (citing Title 9 U.S. Code Section 1-16)).

[9] *Id.* at 342.

**ATTEST:**
Tamara Charles
Clerk of the Court

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

By: _____
Court Clerk Supervisor
Dated: _____